# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL F. ROGERS, Esquire, Administrator of the Estate of Terrence T. Taylor, Deceased**<br><br>*Plaintiff*<br>v.<br><br>**MONTGOMERY COUNTY, et al.**<br>*Defendants.* | Case No. 2:19-cv-04921-JDW |

## **MEMORANDUM**

The Court must decide whether to retain jurisdiction over state law claims after a settlement resulted in the dismissal of all federal claims. The Third Circuit requires dismissal of state law claims "unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification" for retaining jurisdiction after a court dismisses federal claims. *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000). That mandate means that typical concerns do not justify maintaining jurisdiction. In this case, Plaintiff offers only the types of concerns that arise in any case that might be dismissed after the dismissal of federal claims. Without more, the Court cannot continue to exercise supplemental jurisdiction over the remaining claim.

## I.     BACKGROUND

On October 28, 2017, Terrence Taylor suffered a severe medical episode and died in custody at the Montgomery County Correctional Facility in Eagleville, Pennsylvania. Nearly two years later, on October 22, 2019, Mr. Taylor's Estate brought suit against Montgomery County, a host of correctional officers, and their supervisors (the "County Defendants") for violations of Mr. Taylor's constitutional rights, pursuant to 42 U.S.C. § 1983. The Taylor Estate also asserted claims for medical negligence under Pennsylvania law against the hospital where Mr. Taylor received

treatment earlier in the day, as well as PrimeCare Medical, Inc., the prison's medical provider, and PrimeCare personnel who were working in the prison on the day that Mr. Taylor died, including Dr. Margaret Carrillo, Claudette Foster, R.N., Thomas Reece, LPN, and Judith McIlhorne, R.N. (the "PrimeCare Defendants").

On December 19, 2019, the Court issued a Scheduling Order in this matter, and the Parties spent many months engaged in discovery. During that time, the Parties participated in two mediation sessions with United States Magistrate Judge Marilyn Heffley, and the Taylor Estate dismissed the hospital as a defendant. After discovery closed, both the County Defendants and the PrimeCare Defendants filed motions for summary judgment. On April 20, 2021, while the dispositive motions were pending, the Taylor Estate settled its claims against the County Defendants, and the Court dismissed the Section 1983 claims with prejudice. The following day, in light of the fact that the Section 1983 claims had been dismissed, the Court issued an Order directing the Parties to address whether the Court should dismiss the Taylor Estate's remaining state law claim against the PrimeCare Defendants or whether there is an affirmative justification for the Court to continue exercising supplemental jurisdiction over that claim. The Parties submitted their memoranda on the issue, which is ripe for resolution.

## II. STANDARD

Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In those federal question cases, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). If, however, the district court has dismissed all claims over which it has original jurisdiction, then the court may decline to

exercise supplemental jurisdiction over any remaining supplemental state law claims. 28 U.S.C. § 1367(c)(3). The Third Circuit has directed that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges*, 204 F.3d at 123 (quotation omitted) (original emphasis).

## III. DISCUSSION

The Third Circuit's decision in *Hedges* creates a presumption that a court will decline to exercise supplemental jurisdiction once it disposes of all federal claims, unless the case is an unusual one. The Taylor Estate offers several justifications for the Court to retain jurisdiction in this case, but each is a justification that arises in almost every case, rather than something that sets this case apart.

*First*, the Court has had only limited involvement in this case. It has resolved two substantive motions and a single discovery dispute. That investment of time does not create the sort of judicial knowledge of the case to take this case out of the ordinary. The Court does not have deep familiarity with the factual record that the parties have developed, so either this Court or a state court will have to get up to speed. And either court will have to do so only for a single claim arising under state law. There is no savings of judicial economy by having it be this Court, in particular. While it is true that the Court has some basic familiarity with the case, that is true in every case where a district court has to decide whether to retain jurisdiction over state law claims. By contrast, in *Stewart v. Emmons*, No. 12-cv-1509, 2014 WL 4473649, at *2 (E.D. Pa. Sept. 10, 2014), the case upon which the Taylor Estate relies, the parties had filed nine motions, appeared

3

before the court at least seven times, and the court had resolved "innumerable" disputes over the course of the matter.

The Court recognizes that Judge Heffley has devoted substantial energy to mediating the case, and those efforts bore fruit when the Taylor Estate settled with the County Defendants. But the possibility of additional mediation cannot justify a district court's exercise of jurisdiction over a single claim arising under state law. Nothing prevents the Parties from building on the momentum of their sessions with Judge Heffley to resolve this matter on their own (as happened when the County Defendants settled) or from getting the assistance of a private mediator, either before or after a ruling on the PrimeCare Defendants' summary judgment motion.

*Second*, the Court disagrees with the Taylor Estate's assertion that the trial in this action will necessarily introduce evidence that requires an analysis of the Taylor Estate's federal claims against the County Defendants. Even if it does, state courts have concurrent jurisdiction over claims arising under Section 1983, so a state court can provide appropriate instruction to the jury on how to factor in the claims against the County Defendants. In fact, the state court will be better situated than this Court to assess how the settlement of federal claims impacts ongoing claims that arise under state law.

*Third*, there is no trial on the immediate horizon, so possible delay of a trial does not pose the sort of fairness concerns that might set this case apart. There will almost always be some amount of delay and inconvenience in a case after a federal court dismisses supplemental state law claims. The Taylor Estate's concerns about delay, where the sole beneficiary is Mr. Taylor's minor daughter, are understandable. However, the significant delay facing this case stems from the COVID-19 pandemic, rather than the dismissal of the remaining claim. The Taylor Estate contends that trial "should be scheduled momentarily," but this Court's current protocols permit

just one civil trial to take place each week, and the Court selects cases for trial based on a combination of factors including age, complexity, anticipated length, and the number of witnesses. Given those factors, it is unlikely that this case would be selected for trial any time soon. Again, this case stands in stark contrast to the facts in *Stewart*, where the trial was less than two months away. Unfortunately, the Taylor Estate will have to continue to wait for a trial date, regardless of where the case is pending. And that would be true for any case suffering Covid-related delays, not just this one.

*Fourth*, even though the Taylor Estate will have to re-file its Complaint and re-serve the PrimeCare Defendants, it will not be starting the case anew. Fact discovery is complete, and the PrimeCare Defendants' summary judgment motion is teed-up for resolution. While it is true that the Taylor Estate will not have an opportunity to depose the PrimeCare Defendants' expert(s) in state court (as a result of an agreement between the parties not to depose experts until after the summary judgment ruling), the Taylor Estate will not be prejudiced as a result, because the PrimeCare Defendants are subject to the same rule.

## IV. CONCLUSION

The factors that the Taylor Estate cites are factors that arise in every case where federal claims get resolved and a court declines to exercise supplemental jurisdiction over remaining state law claims. If those claims arise as a matter of course, they cannot overcome the Third Circuit's mandate to dismiss cases in the ordinary course. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

May 10, 2021